IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GARY QUIZON DAVIS,

           Petitioner

VS.

DAVID FRAZIER,

           Respondent

**NO. 5:07-CV-203 (HL)**

**PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Respondent DAVID FRAZIER has filed a Motion to Dismiss petitioner GARY QUIZON DAVIS' petition for habeas corpus relief on the grounds that the **petition is untimely filed,** pursuant to 28 U.S.C. §2244. Tab #6. Petitioner Davis has filed a response to the respondent's motion. Tab #15.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

It is undisputed that the petitioner was convicted of the crime in February of 1996 for which he now seeks habeas corpus relief. The Georgia Court of Appeals affirmed the conviction on June 29, 2000, and the Supreme Court of Georgia denied certiorari on October 6, 2000. Under the appropriate law, petitioner Davis' conviction therefore became final on January 4, 2001.

Davis then waited until March 16, 2005, to file a petition for *state* habeas corpus relief. The time period between the conviction's becoming final in 2001 and the petitioner's filing of a state habeas action is not tolled for the purposes of 2244(d).

Davis' argument that he his petition is brought under the theory of a retroactive application of a newly recognized constitutional right or that the factual predicate of the claims involved in this petition were not available until a time within the appropriate limitations period are not compelling. Davis contends that his petition is timely because he brought it within one year of learning of the Fifth Circuit's ruling in *U.S. v. Brathwaite*, 458 F.3d 376 (5th Cir. 2006). Davis is incorrect in his reliance on *Brathwaite*, however, as *Brathwaite* is not binding precedent in this circuit.[1]

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #6) be GRANTED and that the instant petition be **DISMISSED** *with prejudice*. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 29th day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also noted that because Davis' state habeas petition was filed before *Brathwaite* was decided, the petitioner's claims pursuant to any change in law based on that case have inherently not been exhausted at the state level.